UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED SPECIALTY INSURANCE COMPANY                    PLAINTIFF

v.                                CIVIL ACTION NO. 3:16-CV-00190-CRS-CHL

SEIDENFADEN'S LLC, et al.                             DEFENDANTS

Memorandum Opinion

I.   Introduction

This matter is before the Court on two motions to dismiss Plaintiff United Specialty Insurance Company's declaratory judgment complaint, ECF No. 1. Defendants Darren Williams, Stephanie Sykes, individually and as guardian of Waynenisha Sykes, and Brandy Morris (collectively, "Tort Claimants") submitted the first motion to dismiss the complaint, ECF No. 19. Defendant Seidenfaden's LLC filed the second motion to dismiss the complaint, ECF No. 27. Because these motions to dismiss include common issues of fact and law, the Court will address them in the same memorandum opinion and order. For the reasons below, the Court will grant the motions to dismiss.

II.  Background

     A.   Factual Allegations

On October 25, 2015, Derrick Johnson was apparently driving under the influence of alcohol. Morris Compl. ¶ 8, ECF No. 19-3; Intervening Compl. ¶ 8, ECF No. 19-4. He struck another vehicle in which the Tort Claimants were occupants and injured them. *See* Morris Compl. ¶¶ 6, 46–47, ECF No. 19-3; Intervening Compl. ¶¶ 6, 46–47, ECF No. 19-4. The Tort Claimants assert that Seidenfaden's LLC, the "proprietor, manager, and/or owner of Seidenfaden's Tavern," and Project 942 Baxter LLC, the "proprietor, manager, and/or owner of

1

Baxter's 942 Bar & Grill," had improperly served Johnson alcohol before the accident, which caused him to operate his vehicle in a "negligent, careless, grossly negligent, reckless, and wanton manner." Morris Compl. ¶¶ 17–20, 41–42, ECF No. 19-3; Intervening Compl. ¶¶ 17–20, 41–42, ECF No. 19-4.

B. Procedural History

In February 2016, Morris filed a personal injury suit in the Jefferson County, Kentucky Circuit Court against Johnson and several other defendants, including Seidenfaden's LLC and Project 942 Baxter LLC ("the state court suit"). Morris Compl., ECF No. 19-3. Almost two weeks later, the other Tort Claimants filed an intervening complaint against the same defendants. Intervening Compl., ECF No. 19-4. Morris and the other Tort Claimants assert that the defendants violated Kentucky common law and the Kentucky Dram Shop Act, Kentucky Revised Statute § 412.241. *See* Morris Compl. ¶ 44, ECF No. 19-3; Intervening Compl. ¶ 44, ECF No. 19-4.

On March 29, 2016, United Specialty Insurance Company (USIC), an insurer of Seidenfaden's LLC, filed a declaratory action in this Court against Seidenfaden's LLC, Project 942 Baxter LLC, and the Tort Claimants. Pet. Decl. J., ECF No. 1. USIC seeks a declaration under 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57 that it does not have a duty to defend or to indemnify Seidenfaden's LLC in the state court suit. Pet. Decl. J. 2, ECF No. 1. USIC asserts that the insurance policy that it issued to Seidenfaden's LLC's does "not include liquor liability or dram shop liability coverage, and Seidenfaden's did not purchase liquor liability or dram shop coverage from [it]." *Id*. at 5. In support, USIC provides the following policy exclusion in Seidenfaden's LLC's insurance policy:

**1. Liquor Liability**

Exclusion c., Liquor Liability of Section I Coverages, Coverage A 2. Exclusions, is deleted and entirely replaced with the following:

**c.     Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    **a.**    Causing or contributing to the intoxication of any person; or

    **b.**    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    **c.**    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you:

    a.    Are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages; or

    b.    Sell, otherwise provide, or make available alcoholic beverages as a regular part of your business or operations otherwise covered by this policy.

*Id*. at 4 (formatting altered). USIC also provides the following additional exclusion in the insurance policy in support of its declaratory judgment petition:

**A.     In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**

This insurance does not apply to:

\* \* \*

**5.     Punitive, Exemplary Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

3

*Id*. at 4–5 (formatting altered).

Seidenfaden's LLC filed an answer to USIC's declaratory judgment action in this Court. Seidenfaden's LLC's Resp. Pet. Decl. J. 6, ECF No. 10. Seidenfaden's LLC also asserted a counterclaim against USIC. *Id*. at 5–6. Seidenfaden's LLC argues that USIC must indemnify and defend it against all potential damages in the state court suit related to liquor liability, negligence, and punitive damages. *Id*. at 6. Project 942 Baxter LLC and the Tort Claimants also filed answers to USIC's complaint for declaratory relief in this Court. ECF Nos. 11, 14, 16, 17.

In May 2016, Seidenfaden's LLC moved the Jefferson County Circuit Court to file a third-party complaint in the state court suit against USIC and another insurer, as well as against several individual insurance agents. Seidenfaden's LLC's Third-Party Compl., ECF No. 19-6. Seidenfaden's LLC contends that the insurance agents and USIC misrepresented its insurance policies and "failed to provide insurance policies as agreed to by the parties and as such are liable for breach of contract." *Id*. ¶¶ 12–20. Seidenfaden's LLC also maintains that USIC has a duty to indemnify and defend it in the state court suit. *Id*. ¶¶ 21–24.

Morris later moved the Jefferson County Circuit Court to amend her original complaint in the state court suit to include a claim for declaration of coverage rights against USIC. Morris' Mot. Amend Compl., ECF No. 19-7. Likewise, Seidenfaden's LLC moved to amend its third-party complaint in the state court suit to include a claim for declaration of coverage rights against USIC. Third-Party Summons to USIC, ECF No. 28-2.

The Tort Claimants and Seidenfaden's LLC now separately move to dismiss USIC's complaint for declaratory relief in this Court. Tort Claimants' Mot. Dismiss, ECF No. 19; Seidenfaden's LLC's Mot. Dismiss, ECF No. 27.

III.   Analysis

The Tort Claimants and Seidenfaden's LLC request that the Court abstain from exercising jurisdiction over the federal declaratory action filed by USIC. Tort Claimants' Mem. Supp. Mot. Dismiss 1, ECF No. 19-1; Seidenfaden's LLC's Mot. Dismiss 3, ECF No. 27. They argue that the *Brillhart*/*Wilton* abstention doctrine and the corresponding factors outlined by the United States Court of Appeals for the Sixth Circuit in *Grant Truck West Railroad Co. v. Consolidated Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) support the Court's abstaining from deciding the insurance coverage issue. Tort Claimants' Mem. Supp. Mot. Dismiss 8, ECF No. 19-1; Seidenfaden's LLC's Mot. Dismiss 5, ECF No. 27.

USIC argues in opposition that this Court should retain jurisdiction over the insurance coverage issue. Resp. Mot. Dismiss 2, ECF No. 22. USIC asserts that, because Seidenfaden's LLC asserts a counterclaim in its answer to the federal declaratory judgment action, the *Colorado River* abstention doctrine is the proper standard for determining whether the Court should abstain from exercising its jurisdiction and that this abstention doctrine supports the Court's exercising jurisdiction over the insurance coverage issue. *Id*. at 7–12. USIC alternatively contends that the Court should retain jurisdiction over the insurance coverage issue under the *Brillhart*/*Wilton* abstention doctrine. *Id*. at 12. This Court finds that abstention is warranted under the *Brillhart*/*Wilton* abstention doctrine and the *Colorado River* abstention doctrine.

A.   Abstention under the *Brillhart*/*Wilton* Abstention Doctrine

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides that a federal court may "declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought." In 1942, the Supreme Court held that a district court may decline to exercise jurisdiction over a case brought under the Declaratory

5

Judgment Act. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–95 (1942). The *Brillhart* Court noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id*. at 495.

The Supreme Court has repeatedly emphasized that a federal court may decline jurisdiction over a declaratory action that is otherwise properly before it. For example, in *Public Affairs Press v. Rickover*, the Court explained, "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." 369 U.S. 111, 112 (1962). In *Green v. Mansour*, the Court stated that the statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 474 U.S. 64, 72 (1985) (citing *Public Service Comm'n. v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). More recently, in *Wilton v. Seven Falls Co*., the Court again held that district courts may abstain from deciding claims for federal declaratory relief, particularly when the same issues are pending in a state court. 515 U.S. 277, 283–86 (1995).

Courts in the Sixth Circuit look to five factors when determining whether to abstain from deciding claims for declaratory relief under the *Brillhart*/*Wilton* abstention doctrine:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grant Truck W. R.R. Co.*, 746 F.2d at 326 (citing 6A Moore's Federal Practice para. 57.08[2]–[7] (1983)). Applying these five factors to this case, the Court finds that abstention under the *Brillhart/Wilton* doctrine is appropriate.

### i. Settlement of the Controversy

There are two lines of precedent involving the application of the first *Grant Truck West Railroad Co.* factor in the context of an insurance company's declaratory judgment action to determine its policy coverage. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). The first line of cases has determined that a federal declaratory action can settle the insurance coverage dispute, even though the ruling will not help resolve the underlying state court action. *Id*. The second line of cases has concluded that, while determining the coverage issues, the federal declaratory judgment action does not ultimately settle the controversy between the parties, which is ongoing in the state court. *Id*.

The *Flowers* court noted that the divergence between the lines of cases could be a result of competing policy concerns. *Id*. The court then explained that the divergence also could be a result of different factual circumstances. *Id*. The court indicated that in the cases in which the district courts declined to exercise jurisdiction under this factor, the insurance coverage controversies rested on fact-based questions of state law, and there was a risk of overlapping factual findings with state courts. *See id*. at 555–56 (citing *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813 (6th Cir. 2004)). Additionally, the plaintiffs in the state court cases were not involved in the federal declaratory actions, which would prevent any judgments in the federal courts from being res judicata in the state courts. *Id.* (citing *Bituminous Cas. Corp.*, 373 F.3d at 814). In contrast, in cases in which the district courts retained jurisdiction under this factor, the plaintiffs in the federal declaratory actions were not a party in the state court cases,

7

and the insurance coverage issue was not before the state courts. *See id*. at 556 (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 449, 454 (6th Cir. 2003)).

*Allstate Ins. Co. v. Mercier* provides one example of when a declaratory judgment action would not resolve the controversy between the parties. 913 F.2d 273 (6th Cir. 1990). In this case, the plaintiff filed a complaint against two individual defendants in a Michigan state court. *Id*. at 275. The plaintiff alleged that the defendants had wrongfully provided alcohol to a minor, which led to a fatal automobile crash. *Id*. The defendants' insurer, Allstate Insurance Co., filed a federal declaratory action, alleging that the defendants' insurance policy excluded coverage for the plaintiff's claims pending in state court. *Id*. The Sixth Circuit noted that the record before it was "virtually devoid of facts about the underlying tort action." *Id*. at 278. For instance, the court could not ascertain "where or when" the defendants had wrongfully provided alcohol to the minor. *Id*. These facts would necessarily be developed at trial and would "have a direct bearing on the determination of whether the insuring clause of the . . . policies, or the exclusions, control Allstate's obligations." *Id*. The appellate court determined that the declaratory judgment would not settle the ongoing controversy because "the policy exclusions [could] only be applied only in the light of factual determinations that ha[d] not been made." *Id*. at 279.

Here, the federal declaratory judgment suit would not settle the controversy among the parties. Like in *Mercier*, the facts that will be developed in the underlying tort action—such as whether Seidenfaden's LLC wrongfully served Johnson alcohol or whether doing so caused the Tort Claimants' injuries—will affect the determination of whether the insurance policy exclusions at issue control USIC's obligations to indemnify and defend Seidenfaden's LLC. As such, the declaratory judgment will not settle the ongoing controversy. Therefore, this factor weighs in favor of this Court abstaining from deciding USIC's claim for declaratory relief.

### ii. Clarification of Legal Relations at Issue

The first and second *Grant Truck West Railroad Co.* factors are generally analyzed together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 557. The second factor, however, concerns whether the federal declaratory judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Id*.

In this case, a federal declaratory judgment would not clarify the legal relationship between USIC and the other parties. The coverage issue is pending in both the state and federal courts, and USIC's insurance obligations depends on facts that will be developed in the state court. Additionally, the state court action involves all claims, including the insurance coverage dispute, and all parties, whereas the federal declaratory action does not. USIC's insurance obligations thus would not be wholly resolved by a ruling from this Court. Accordingly, this factor favors declining jurisdiction.

### iii. Race for Res Judicata

The third *Grant Truck West Railroad Co.* factor is intended to prevent declaratory plaintiffs from filing suit in federal court for the sole purpose of acquiring a favorable forum. *Flowers*, 513 F.3d at 558. A district court should be reluctant to "impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id*. Neither the Tort Plaintiffs nor Seidenfaden's LLC has produced evidence that USIC engaged in procedural fencing in filing the federal declaratory judgment action. Therefore, this factor is neutral, neither favoring nor disfavoring the exercise of jurisdiction.

*iv. Friction Between Federal and State Courts*

To determine if the exercise of jurisdiction would increase the friction between the federal and state courts, a district court must consider three sub-factors:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814–15 (formatting altered).

The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. In this case, the state court's resolution of the factual issues is necessary for this Court to decide the declaratory judgment action. Thus, this sub-factor supports denying jurisdiction.

The second sub-factor considers which "court, state or federal, is in a better position to resolve the issues in the declaratory action." *Id*. When state law is controlling, the state courts are better able to resolve the issues. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, *PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("[B]ecause Kentucky law is controlling, we conclude that Kentucky courts are in the better position to apply and interpret its law on these issues."). Here, because the declaratory action would involve resolving issues of state law, this sub-factor favors the Court's abstaining from hearing the federal declaratory judgment case.

The third sub-factor focuses on whether "the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513

F.3d at 561. The United States Court of Appeals for the Sixth Circuit explained that "issues of 'insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve.'" *Travelers Indem. Co.*, 495 F.3d at 273 (quoting *Bituminous Cas. Corp.*, 373 F.3d at 815). In this case, to resolve the coverage issue, this Court would need to interpret USIC's insurance contract with Seidenfaden's LLC using Kentucky common law. The Kentucky state court is more familiar with interpreting insurance contracts using the state's common law and thus is better suited to resolving the controversy. Therefore, this sub-factor, and the fourth *Grant Truck West Railroad Co.* factor supports this Court's abstaining from hearing the federal declaratory judgment case.

### v. Availability of Alternative Remedy

The final *Grant Truck West Railroad Co.* factor is whether there is an alternative remedy. The district court's inquiry into whether an alternative remedy exists "must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562. One alternative remedy for a federal declaratory plaintiff is to seek a declaratory judgment in the state court, which is available under Kentucky Revised Statute § 418.040. *Id*. Another remedy would be for the federal declaratory plaintiff to file an indemnity action at the end of the state court case. *Id*.

In this case, the same issues are pending in the federal court and the Jefferson County Circuit Court. But the Jefferson County Circuit Court action is more comprehensive: unlike the action pending in this Court, all parties and all issues are before the state court. The Jefferson County Circuit Court is accordingly able to provide a better, more effective remedy for the parties. Thus, this *Grant Truck West Railroad Co.* factor supports abstaining from hearing the federal declaratory action.

Given that the majority of the *Grant Truck West Railroad Co.* factors support abstaining in this action, this Court will decline to hear the case under the *Brillhart*/*Wilton* abstention doctrine.

### B. Abstention under the Colorado River Abstention Doctrine

In contrast to the apparent breadth of the *Brillhart*/*Wilton* abstention doctrine is the Supreme Court's holding in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In *Colorado River*, the Court determined that "abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." 424 U.S. at 813. Despite this general rule, the Court also held that when a parallel case exists in state court and "exceptional circumstances" are present, district courts may decline to hear a case when doing so would advance the goal of avoiding duplicate litigation. *Id*. Otherwise, federal courts have a "virtually unflagging obligation" to exercise jurisdiction over cases properly before them. *Id*. at 817.

In determining whether to exercise jurisdiction under *Colorado River*, a district court considers:

> [S]uch factors as (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained; . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; . . . and (8) the presence or absence of concurrent jurisdiction.

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998). These factors are not a "mechanical checklist." *Id*. at 341. Instead, the district court must carefully balance the factors depending on the facts of the case. *Id*. (citing *Moses H. Cone v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983)).

Although the first, second, and seventh factors from the *Colorado River* test advocated by USIC support abstention, the Court finds that abstention is ultimately appropriate in this case. The first factor under the *Colorado River* test, whether the state court has assumed jurisdiction over any *res* or property, is inapplicable to this case because no property is at issue; this factor accordingly weighs against abstention. The second factor, whether the federal forum is less convenient to the parties, involves only "geographical considerations." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001). Here, the Court does not find that the federal forum is less convenient to the parties because the federal and state courts are both located in Louisville, Kentucky.

It is unclear whether the seventh *Colorado River* factor, the relative progress of the proceedings, supports the Court's declining to retain jurisdiction over the federal declaratory judgment action. USIC asserts, "In the state court action, none of the broker defendants has appeared or filed any responsive pleadings and no discovery has occurred with respect to the insurance issues." *Id*. at 12. USIC does not provide any citations to the state court record or other proof that the state court case has not yet progressed in comparison to the federal declaratory action. Neither the Tort Claimants nor Seidenfaden's LLC analyzes this factor. Therefore, the Court finds that this factor supports retaining jurisdiction.

Thereafter, however, the *Colorado River* factors support abstaining from hearing the federal declaratory action pending the resolution of the state court proceedings. To begin, the third factor, avoidance of piecemeal litigation, occurs when the state and federal courts are adjudicating the same issue, "thereby duplicating judicial effects and potentially rendering conflicting results." *Id*. Here, this Court and the Jefferson County Circuit Court have been asked to adjudicate the same issue: whether USIC must provide coverage to Seidenfaden's LLC. These

dual state and federal proceedings could lead to piecemeal and inconsistent litigation. Therefore, this factor weighs in favor of abstaining.

The fourth *Colorado River* factor, the order in which jurisdiction was obtained, also favors abstention because the state court obtained jurisdiction over the matter before this Court obtained jurisdiction. The Jefferson County Circuit Court obtained jurisdiction when Morris filed the original state court suit in February 2016. Morris Compl., ECF No. 19-3. USIC filed a declaratory action in this Court over a month later, on March 29, 2016. Pet. Decl. J., ECF No. 1.

USIC does not contest that the fifth and sixth factors weigh in favor of abstention. Resp. Tort Claimants' Mot. Dismiss 10–11, ECF No. 22. The eighth factor, whether the state and federal courts have concurrent jurisdiction also supports abstaining. USIC asserts that Kentucky's no-direct-action rule prevents the Tort Claimants from pursuing claims against it but that the federal court has no such rule. Resp. Tort Claimants' Mot. Dismiss 12, ECF No. 22. Therefore, USIC claims, the "claims as currently alleged can only be fully adjudicated in this Court." *Id*. But the Tort Claimants have not yet asserted claims against USIC in the federal action. And the Tort Claimants may seek to assert claims in the state court against USIC if Seidenfaden's LLC obtains a judgment against the insurance company. *See Cuppy v. Gen. Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 632 (Ky. 1964) (explaining Kentucky's no-direct-action rule).

Given that the *Colorado River* factors also support the Court's abstaining in this action, this Court will decline to hear this case.

IV.     Conclusion

For the reasons set forth above, the Court will grant the motions to dismiss USIC's declaratory judgment complaint submitted by the Tort Claimants and Seidenfaden's LLC. An order will be entered in accordance with this memorandum opinion.

October 13, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**